COBB'S INC. *vs.* WALTER F. FITZPATRICK, *C. T.*

MAY 26, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, J.J.

CONDON, J. This is an action of assumpsit brought by the plaintiff against the city treasurer of Providence for a refund of a portion of a fee which it had paid to the board of public safety of that city for a liquor license that it surrendered to the board before the date of the expiration of the license. The case was heard in the superior court before a justice of that court sitting without a jury and resulted in a decision for the defendant. To this decision, the plaintiff duly excepted and has prosecuted its bill of exceptions to this court.

The essential facts of the case are undisputed. On June 6, 1933, a class B license was issued to the plaintiff entitling it to dispense light wines and beer, of 3.2 per centum

of alcohol by weight, for consumption on its premises at 28 and 30 Middle street in the city of Providence, at which place it conducted a restaurant. On November 29, 1933, this license being due to expire December 1, 1933, a renewal was issued to expire December 1, 1934. On January 11, 1934 a class A license to sell beverages in packages not to be consumed on the premises was also issued to the plaintiff.

Later in 1934 and after the repeal of the eighteenth amendment to the constitution of the United States, the general assembly of this state passed an act regulating the manufacturing, transportation and sale of intoxicating beverages. P. L. 1934, chap. 2088. On May 9, 1934, the plaintiff applied for and received on June 5, 1934, from the board of public safety of the city of Providence an extended privilege under its class B license to dispense intoxicating liquor on the licensed premises. On June 6, 1934, the state alcoholic beverage commission notified the board of public safety that the granting of this privilege to the plaintiff violated a rule of the commission prohibiting the issuance of more than one retail license, except in certain cases, for the same premises.

It appears that the board of public safety either did not know of, or overlooked, this rule of the commission when it granted, on June 5, 1934, the plaintiff's application for the extended privilege under its class B license. But upon being apprised by the commission of the rule which the commission had adopted in pursuance of the statute, the board notified the plaintiff, through Captain Steeves of the Providence police department, that it must either surrender the extended privilege granted to it under its class B license, or surrender its class A license. Plaintiff was advised at that time, according to the testimony of Captain Steeves, that if it took the former course, it would receive a refund of the fee which it had paid for the extended privilege, but that no refund would be made if it

surrendered its class A license. Upon being thus advised, plaintiff surrendered its class A license. There is some dispute as to whether this latter advice was given, but the trial justice found that it was.

The plaintiff later filed a claim with the city of Providence for a refund of that portion of the license fee which would cover the unexpired term of the surrendered class A license, namely, $193.29. This claim was denied and the present suit thereon was then brought.

The single question raised by the plaintiff's exception in this court is, "Did the plaintiff voluntarily surrender its Class A license?" The plaintiff contends that it did not, but that it was forced to do so by the police department acting under the board of public safety. It argues that the evidence shows that it surrendered the license under such circumstances as made it compulsory for it to do so. It also urges that while the facts show no physical compulsion they do show a "moral coercion" which amounts to practical compulsion. On this basis it claims it is entitled to the refund demanded, and in support of its claim it cites a number of cases from foreign jurisdictions.

We do not deem it necessary to discuss these authorities as we are of the opinion that the decision in this case turns on whether the undisputed facts show that the action of the plaintiff in surrendering its class A license was voluntary or compulsory. The trial justice has found that it was voluntary. The plaintiff admits in its brief that the fundamental question is whether this finding is correct. If it be found by us to be correct, the plaintiff, in effect, concedes in its brief that there is no support for its claim for a refund.

Since the facts are substantially undisputed, we are in as good a position as the trial justice was to find from the evidence whether or not this plaintiff was compelled, if not directly, at least indirectly, to give up its class A license. But in this instance the fact that we may thus

independently examine the evidence does not help the plaintiff, as we are clearly of the opinion that the trial justice's finding that the plaintiff's surrender of its class A license was voluntary is correct.

Without dwelling on the matter in detail, it seems to us that the evidence indisputably shows that the plaintiff was not in any way compelled or coerced to give up its class A license. It was definitely advised that it must surrender its extended privilege under its class B license because the board had granted it illegally: and that upon such surrender it would be repaid the fee which it had paid for such privilege, but it was pointed out to the plaintiff that, if it wished, it could retain the extended privilege under its class B license by surrendering its class A license. Here was a situation where the plaintiff was faced with an election. It had no legal right to retain the extended privilege under its class B license because it was already the holder of a class A license, but if it felt that it was preferable to have the extended privilege and forego the class A license, it might make that preference by surrendering the latter license. This it elected to do, and as far as the evidence shows, such election was its own free and voluntary act.

We know of no authority in this state for the rebate of a part of a liquor license fee upon voluntary surrender of the license before the date of its expiration, and none has been cited to us. In the absence of a statutory grant of such a right of rebate, it seems well settled that there is ordinarily no such right. 15 R. C. L. "Intoxicating Liquors", §76. See also note in 16 L. R. A. (N. S.) 512. We understand the plaintiff does not dispute that such law is the law in case of a voluntary surrender. Therefore, having found that the surrender in the instant case was voluntary, it follows that there is no error in the trial justice's decision for the defendant.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Arthur N. Votolato, Albert R. Tavani,* for plaintiff.

*Daniel E. Geary,* City Solicitor, *John T. Walsh,* Asst. City Solicitor, for defendant.